# Exhibit A



# Notice of Service of Process

NJH / ALL
Transmittal Number: 15877248
Date Processed: 11/16/2016

| | |
|---|---|
| **Primary Contact:** | Service Process Team 3-11-309<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| **Electronic copy provided to:** | Kevin Jones<br>Cassandra Struble<br>Rebecca Lewis |

| | |
|---|---|
| **Entity:** | Depositors Insurance Company<br>Entity ID Number  0149484 |
| **Entity Served:** | Depositors Insurance Company |
| **Title of Action:** | South Bend Development, Inc vs. Depositors Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Bexar County District Court, Texas |
| **Case/Reference No:** | 2016C19506 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 11/16/2016 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Lawrence Law Firm<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com

CERTIFIED MAIL #7015166000004382661  **Case Number: 2016-CI-19506**

2016CI19506  S00001

**SOUTH BEND DEVELOPMENT INC**

*Plaintiff*

**vs.**

**DEPOSITORS INSURANCE COMPANY ET AL**

*Defendant*

(Note: Attached document may contain additional litigants).

**CITATION**

IN THE DISTRICT COURT
225th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**"THE STATE OF TEXAS"**

**DIRECTED TO: DEPOSITORS INSURANCE COMPANY**

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 8th day of November, 2016.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 9TH DAY OF NOVEMBER A.D., 2016.

PETITION

LARRY W LAWRENCE JR
ATTORNEY FOR PLAINTIFF
3112 WINDSOR RD A234
AUSTIN, TX 78703-2350



**Donna Kay M<sup>c</sup>Kinney**
**Bexar County District Clerk**
101 W. Nueva, Suite 217
San Antonio, Texas 78205
By:*Debra Cantu,* Deputy

---

Officer's Return

Came to hand on the 9th day of November 2016, A.D., at 1:57 o'clock P.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____, A.D., 20___, by delivering to _____ a true copy of this Citation, upon which I endorse the date of delivery, together with the accompanying copy of the PETITION

Cause of failure to execute this Citation is _____.

**Donna Kay M<sup>c</sup>Kinney**
Clerk of the District Courts of
Bexar County, Texas

By:*Debra Cantu,* Deputy

ORIGINAL (DK003)

2 CITBYCML SAC2

FILED
11/8/2016 4:33:22 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Maria Abilez

CAUSE NO. **2016CI19506**

| | | |
|---|---|---|
| SOUTH BEND DEVELOPMENT, INC. | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| VS. | § | **225TH** _____ JUDICIAL DISTRICT |
| | § | |
| DEPOSITORS INSURANCE COMPANY | § | |
| AND ADAM GERSTNER | § | |
| *Defendants* | § | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **SOUTH BEND DEVELOPMENT, INC.,** complaining of **DEPOSITORS INSURANCE COMPANY AND ADAM GERSTNER,** and for cause of action would show:

### I. DISCOVERY

1. This is a level III discovery case as defined by the Texas Rules of Civil Procedure.

### II. PARTIES

2. Plaintiff is a Texas Corporation.

3. Defendant Depositors Insurance Company is an Iowa Corporation engaging in the business of insurance in the State of Texas. The defendant may be served with process by serving its registered agent for the State of Texas: Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

4. Defendant Adam Gerstner is an individual licensed to engage in the business of adjusting insurance claims in Texas residing in Texas. This defendant can be served with process by serving Depositors Insurance Company's registered agent for the State of Texas: Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701 or wherever found.

### III. JURISDICTION & VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court. The court has jurisdiction over Defendant Depositors Insurance Company (hereinafter "Depositors") because it is engaging in the business of insurance in the State of Texas and over Defendant Adam Gerstner (hereinafter "Gerstner") because he is an adjuster for Depositors who adjusts claims in Texas. Venue is proper in this county because the insured property is situated in Bexar County, Texas. Tex. Civ. Prac. & Rem. Code § 15.032.

### IV. FACTS

6. Plaintiff is the owner of the Texas Commercial Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Depositors.

7. Plaintiff owns the insured property, located at 8011 Bandera Road, San Antonio, Texas 78250, 8015 Bandera Road, San Antonio, Texas 78250, 8021 Bandera Road, San Antonio, Texas 78250 and 8025 Bandera Road, San Antonio, Texas 78250 (hereinafter referred to as "the Property"). The property is collectively referred to as the "Bandera Landing" property and all buildings are included under one policy with Depositors.

8. Depositors sold the Policy insuring the property to Plaintiff.

9. On or about April 12, 2016, Plaintiff sustained extensive physical damage to the insured Property. During the late afternoon and evening hours of April 12, 2016, strong supercell thunderstorms moved through the San Antonio, Texas area producing heavy rains, damaging wind and large hail.

10. Plaintiff submitted claims to the Defendants against the policy for damages to the Property as a result of the April 12, 2016 storm. Plaintiff requested that the Defendants cover the costs of these repairs pursuant to the policy they entered into with the Defendants.

11. The Plaintiff reported the damage to the covered Property to the Defendant Depositors. The Defendant wrongfully denied Plaintiff's claim for full repairs to the Property, even though the Policy they have with the Defendant provided coverage for losses such as the losses suffered by the Plaintiff. Additionally, the Defendant under-scoped damages during its two inspections, investigations, and made representation that the policy the Plaintiff has with Defendant specifically excluded some repairs.

12. As of the date of this filing, the Defendants continue to delay in the payment for the full damages to the property. As a result, Plaintiff has not been paid the full value of the damages suffered to its property.

13. Defendant Depositors failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the policy. In spite of a demand for proceeds to be paid out in an amount sufficient to cover the damaged property, Defendant Depositors has categorically refused to pay the full proceeds available under the policy. Additionally, all conditions precedent to recovery upon the Policy have been carried out by the Plaintiff. Defendant Depositors' conduct constitutes a breach of the insurance contract between Plaintiff and Defendant.

14. Defendant Depositors has misrepresented to Plaintiff there was no damage to areas of the property that were damaged, and that all damage covered under the Policy has been accounted for, even though it has not been paid in full. Defendant Depositors' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

15. Defendant Depositors failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant Depositors' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(2)(A).

16. Defendant Depositors failed to adequately explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant Depositors failed to offer Plaintiff adequate compensation, and misrepresented its explanation for why full payment was not being made. Furthermore, Defendant Depositors did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant Depositors' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(3).

17. Defendant Depositors refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant Depositors failed to conduct a reasonable investigation. Specifically, Defendant Depositors performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendant Depositors' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(7).

18. Defendant Depositors failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant Depositors' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex Ins. Code §542.056.

19. Defendant Depositors failed to meet its obligations under the Texas Insurance Code regarding full payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for its claim. Defendant Depositors' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.058.

20. Since the date Plaintiff presented its claim to Defendant Depositors, the liability of Defendant Depositors to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant Depositors has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant Depositors' conduct constitutes a breach of the common law duty of good faith and fair dealing.

21. Defendant Depositors knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or some material information from Plaintiff.

22. As a result of Defendant Depositors' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing it with respect to these causes of action.

## V. CAUSES OF ACTION

### Causes of Action against Depositors and Adam Gerstner's Noncompliance with Texas Insurance Code: Unfair Settlement Practices

23. Defendants, Depositors and Gerstner's, conduct constitute multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE. §541.151.

24. Defendant, Gerstner, is liable for its unfair and deceptive acts, irrespective of the fact he was acting on behalf of Depositors, because he is a "person" as defined by TEX. INS. CODE. §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter-insurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE. §541.002(2) (emphasis added). (See also *Liberty*

*Mutual insurance Co. V Garrison Contractors, Inc.*, 966 S.W. 2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

25. Defendants, Depositors and Gerstner's, unfair settlement practices, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(1).

26. The unfair settlement practices of Defendants, Depositors and Gerstner, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitute an unfair methods of competition and an unfair and deceptive acts or practices in the business of insurance. TEX. INS. CODE. §541.060(a)(3).

27. Defendants, Depositors and Gerstner's, unfair settlement practices, as described above, of refusing to pay Plaintiff's full claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.0609(a)(7).

**Fraud against all Defendant Parties**

28. Defendants Depositors and Gerstner are liable to Plaintiff for common law fraud.

29. Defendants made material misrepresentations to Plaintiff as to the extent of its damages, the need for repairs, the quality of their services, and the extent of the coverage provided by the Policy of those damages. Each and every one of the representations, as described above, concerned material facts relied upon by Plaintiff which Defendants, Depositors and Gerstner, knew were false or made recklessly without any knowledge of their truth as a positive assertion.

30. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements proximately causing Plaintiff to suffer injury and damages as described herein below.

### Conspiracy to Commit Fraud against all Defendant Parties

31. Defendants Depositors and Gerstner are liable to Plaintiff for conspiracy to commit fraud. Defendants Depositors and Gerstner were members of a combination of two or more persons whose object was to accomplish an unlawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants, Depositors and Gerstner, committed an unlawful, overt act to further the object of the conspiracy. Plaintiff suffered injury as a proximate result.

### CAUSES OF ACTION AGAINST DEPOSITORS ONLY

32. Defendant Depositors is liable to Plaintiff for breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of good faith and fair dealing.

### Breach of Contract

33. Defendant Depositors' conduct as described *supra* constitutes a breach of the insurance contract made between Depositors and Plaintiff.

34. Defendant Depositors' failure and refusal, as described above, to pay the full and adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Depositors' insurance contract with Plaintiff which proximately caused Plaintiff the loss of the policy benefits.

### Noncompliance with Texas Insurance Code: Unfair Settlement Practices

35. Defendant Depositors' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE. §541.060(A). All violations under this article are made actionable by TEX. INS. CODE. §541.151.

36.   Defendant Depositors' unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(1).

37. Defendant Depositors' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Depositors' liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(2)(A).

38. Defendant Depositors' unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to facts or applicable law, for their offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(3).

39. Defendant Depositors' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(4).

40. Defendant Depositors' unfair settlement practice, as described above, of refusing to pay Plaintiff's full claim without conducting a reasonable investigation, constitutes an unfair method of competition and unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(7).

**Noncompliance with Texas Insurance Code: The Prompt Payment of Claims**

41. Defendant United States Liability's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE. §542.060.

42. Defendant Depositors' failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, request from Plaintiff all items, statements, and forms that they reasonable believed would be required within the applicable time constraints, and pay the full amount of the claim, as described above, constitutes a non-prompt payment of claim and a violation of the TEX. INS. CODE §542.056(a).

**Breach of Duty of Good Faith and Fair Dealing**

43. Defendant Depositors' conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

44. Defendant Depositors' failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim when Depositors knew, or should have known, by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing which proximately caused Plaintiff's damages as described herein below.

**KNOWLEDGE**

45. The acts of Defendants are in violation of the Insurance Code described above were done "knowingly," as that item is used in the Texas Insurance Code, and were producing causes of Plaintiff's damages described herein.

**VI. DAMAGES**

46. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the proximate or producing causes of the damages sustained by Plaintiff.

47. As previously mentioned, the damages caused by the storms described above rendered Plaintiff's property substantially damaged. These damages have not been properly addressed or fully repaired in the months since the storm, causing further damages to the Property and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants', Depositors and Gerstner's, mishandling of Plaintiff's claim in violation of the laws set forth above.

48. For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of its claim, together with attorneys' fees.

49. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, damage to business reputation, business losses, court costs and attorneys' fees.

50. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of its claim, as well as eighteen (18) percent interest per annum of the amount of such claim as damages, together with attorneys' fees. TEX. INS. CODE. §542.060.

51. For breach of the Common Law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages.

52. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowing fraudulent and malicious representations, along with attorneys' fees, interest and court costs.

53. For the prosecution and collection of this claim, Plaintiff has been required to retain the services of the undersigned attorneys and is entitled to recover its reasonable and necessary attorneys' fees.

54. As a result of the knowing violations of the Texas Insurance Code, Plaintiff is entitled to recover treble damages pursuant to the provisions of the Texas Insurance Code.

55. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief between $200,000.00 (two-hundred thousand) and $1,000,000.00 (one-million). The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## VII. WRITTEN DISCOVERY

### Requests for Disclosure

56. Under Texas Rule of Civil Procedure 194, plaintiff requests that defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

**Plaintiff's 1st Requests for Production to Defendant Depositors and Adam Gerstner**

57. Please produce a copy of your entire claims file, including memos, emails, estimates, records, a complete copy of the policy, letters, evaluations, etc. If you make claim of privilege for any documents requested in this request for production, then pursuant to TRCP 193.3(b), consider this Plaintiff's request that you identify the information and material withheld and the specific privilege asserted by producing a privilege log of each document withheld.

58. Please produce all non-privileged emails and other forms of communication between Depositors, its agents, adjusters, employees, or representatives and the adjuster, and/or their

agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit.

59. Produce any complete file (excluding all privileged portions) in Depositors possession for the Plaintiff/insured and/or for the Plaintiff's property as listed in Plaintiff's Original Petition, relating to or arising out of any claim for damages which Depositors opened a claim under any policy. Please produce a privilege log for any portions withheld on a claim of privilege.

60. Produce Adam Gerstner's complete claim or adjusting file for Plaintiff's property. Please produce a privilege log for any portions withheld on a claim of privilege.

61. Produce all emails and other forms of communication between Depositors and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit. This includes any correspondence or communications related to the Plaintiff's property, whether related to this claim or any other claim in Adam Gerstner's possession. Please produce a privilege log for any items withheld on a claim of privilege.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recover such sums as would reasonably and justly compensate it in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on its behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

LAWRENCE LAW FIRM
3112 Windsor Rd., Suite A234
Austin, Texas 78703
(956) 994-0057
(800) 507-4152 FAX

By:

LARRY W. LAWRENCE, JR.
State Bar No. 00794145

MICHAEL LAWRENCE
State Bar. No. 24055826
Lawrencefirm@gmail.com

Cartwright Law Firm, LLP
1300 Post Oak Blvd, Suite 760
Houston, Texas 77056
(713) 840-0950
(713) 840-0046 (fax)
Mr. Dan Cartwright
State Bar No. 03942500

Ms. Lory Sopchak
State Bar No. 24076706
Lory@dcartwrightlaw.net

ATTORNEYS FOR PLAINTIFF

**DONNA KAY McKINNEY**
BEXAR COUNTY DISTRICT CLERK
PAUL ELIZONDO TOWER
101 W. NUEVA ST., SUITE 217
SAN ANTONIO, TX 78205-3411

*RETURN SERVICE REQUESTED*

7015 1660 0000 4382 6661

DEPOSITORS INSURANCE COMPANY
C/O CORPORATION SERVICE COMPANY
211 E 7TH STREET 620
AUSTIN, TX 78701

2016CI19506  11/10/2016  CITCM  DEBRA CANTU



**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

TRL / ALL
Transmittal Number: 15881134
Date Processed: 11/17/2016

| | |
|---|---|
| **Primary Contact:** | Service Process Team 3-11-309<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| **Electronic copy provided to:** | Kevin Jones<br>Cassandra Struble<br>Rebecca Lewis |

| | |
|---|---|
| **Entity:** | Depositors Insurance Company<br>Entity ID Number  0149484 |
| **Entity Served:** | Adam Gerstner |
| **Title of Action:** | South Bend Development, Inc vs. Depositors Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Bexar County District Court, Texas |
| **Case/Reference No:** | 2016C19506 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 11/16/2016 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Lawrence Law Firm<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com

CERTIFIED MAIL #70151660000043826654 **Case Number: 2016-CI-19506**

2016CI19506    S00002

**SOUTH BEND DEVELOPMENT INC**

*Plaintiff*

**vs.**

**DEPOSITORS INSURANCE COMPANY ET AL**

*Defendant*

(Note: Attached document may contain additional litigants).

**CITATION**

IN THE DISTRICT COURT
225th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**"THE STATE OF TEXAS"**

**DIRECTED TO: ADAM GERSTNER**

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
211 E 7TH STREET 620
AUSTIN TX 78701

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 8th day of November, 2016.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 9TH DAY OF NOVEMBER A.D., 2016.

PETITION

LARRY W LAWRENCE JR
ATTORNEY FOR PLAINTIFF
3112 WINDSOR RD A234
AUSTIN, TX 78703-2350



**Donna Kay McKinney**
**Bexar County District Clerk**
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Debra Cantu,* Deputy

---

Officer's Return

Came to hand on the 9th day of November 2016, A.D., at 1:58 o'clock P.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____, A.D., 20___, by delivering to _____ a true copy of this Citation, upon which I endorse the date of delivery, together with the accompanying copy of the PETITION

Cause of failure to execute this Citation is _____.

**Donna Kay McKinney**
Clerk of the District Courts of
Bexar County, Texas

By: *Debra Cantu,* Deputy

ORIGINAL (DK003)

FILED
11/8/2016 4:33:22 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Maria Abilez

CAUSE NO. **2016CI19506**

| | | |
|---|---|---|
| SOUTH BEND DEVELOPMENT, INC. | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| VS. | § | **225TH** _____ JUDICIAL DISTRICT |
| | § | |
| DEPOSITORS INSURANCE COMPANY | § | |
| AND ADAM GERSTNER | § | |
| *Defendants* | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **SOUTH BEND DEVELOPMENT, INC.,** complaining of **DEPOSITORS INSURANCE COMPANY AND ADAM GERSTNER,** and for cause of action would show:

### I. DISCOVERY

1. This is a level III discovery case as defined by the Texas Rules of Civil Procedure.

### II. PARTIES

2. Plaintiff is a Texas Corporation.

3. Defendant Depositors Insurance Company is an Iowa Corporation engaging in the business of insurance in the State of Texas. The defendant may be served with process by serving its registered agent for the State of Texas: Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

4. Defendant Adam Gerstner is an individual licensed to engage in the business of adjusting insurance claims in Texas residing in Texas. This defendant can be served with process by serving Depositors Insurance Company's registered agent for the State of Texas: Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701 or wherever found.

### III. JURISDICTION & VENUE

5. The subject matter in controversy is within the jurisdictional limits of this court. The court has jurisdiction over Defendant Depositors Insurance Company (hereinafter "Depositors") because it is engaging in the business of insurance in the State of Texas and over Defendant Adam Gerstner (hereinafter "Gerstner") because he is an adjuster for Depositors who adjusts claims in Texas. Venue is proper in this county because the insured property is situated in Bexar County, Texas. Tex. Civ. Prac. & Rem. Code § 15.032.

### IV. FACTS

6. Plaintiff is the owner of the Texas Commercial Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Depositors.

7. Plaintiff owns the insured property, located at 8011 Bandera Road, San Antonio, Texas 78250, 8015 Bandera Road, San Antonio, Texas 78250, 8021 Bandera Road, San Antonio, Texas 78250 and 8025 Bandera Road, San Antonio, Texas 78250 (hereinafter referred to as "the Property"). The property is collectively referred to as the "Bandera Landing" property and all buildings are included under one policy with Depositors.

8. Depositors sold the Policy insuring the property to Plaintiff.

9. On or about April 12, 2016, Plaintiff sustained extensive physical damage to the insured Property. During the late afternoon and evening hours of April 12, 2016, strong supercell thunderstorms moved through the San Antonio, Texas area producing heavy rains, damaging wind and large hail.

10. Plaintiff submitted claims to the Defendants against the policy for damages to the Property as a result of the April 12, 2016 storm. Plaintiff requested that the Defendants cover the costs of these repairs pursuant to the policy they entered into with the Defendants.

11. The Plaintiff reported the damage to the covered Property to the Defendant Depositors. The Defendant wrongfully denied Plaintiff's claim for full repairs to the Property, even though the Policy they have with the Defendant provided coverage for losses such as the losses suffered by the Plaintiff. Additionally, the Defendant under-scoped damages during its two inspections, investigations, and made representation that the policy the Plaintiff has with Defendant specifically excluded some repairs.

12. As of the date of this filing, the Defendants continue to delay in the payment for the full damages to the property. As a result, Plaintiff has not been paid the full value of the damages suffered to its property.

13. Defendant Depositors failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the policy. In spite of a demand for proceeds to be paid out in an amount sufficient to cover the damaged property, Defendant Depositors has categorically refused to pay the full proceeds available under the policy. Additionally, all conditions precedent to recovery upon the Policy have been carried out by the Plaintiff. Defendant Depositors' conduct constitutes a breach of the insurance contract between Plaintiff and Defendant.

14. Defendant Depositors has misrepresented to Plaintiff there was no damage to areas of the property that were damaged, and that all damage covered under the Policy has been accounted for, even though it has not been paid in full. Defendant Depositors' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

15. Defendant Depositors failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant Depositors' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(2)(A).

16. Defendant Depositors failed to adequately explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant Depositors failed to offer Plaintiff adequate compensation, and misrepresented its explanation for why full payment was not being made. Furthermore, Defendant Depositors did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. Defendant Depositors' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(3).

17. Defendant Depositors refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant Depositors failed to conduct a reasonable investigation. Specifically, Defendant Depositors performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendant Depositors' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(7).

18. Defendant Depositors failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant Depositors' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex Ins. Code §542.056.

19. Defendant Depositors failed to meet its obligations under the Texas Insurance Code regarding full payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for its claim. Defendant Depositors' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code §542.058.

20. Since the date Plaintiff presented its claim to Defendant Depositors, the liability of Defendant Depositors to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant Depositors has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant Depositors' conduct constitutes a breach of the common law duty of good faith and fair dealing.

21. Defendant Depositors knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or some material information from Plaintiff.

22. As a result of Defendant Depositors' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing it with respect to these causes of action.

## V. CAUSES OF ACTION

### Causes of Action against Depositors and Adam Gerstner's Noncompliance with Texas Insurance Code: Unfair Settlement Practices

23. Defendants, Depositors and Gerstner's, conduct constitute multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE. §541.151.

24. Defendant, Gerstner, is liable for its unfair and deceptive acts, irrespective of the fact he was acting on behalf of Depositors, because he is a "person" as defined by TEX. INS. CODE. §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter-insurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE. §541.002(2) (emphasis added). (See also *Liberty*

*Mutual insurance Co. V Garrison Contractors, Inc.*, 966 S.W. 2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

25. Defendants, Depositors and Gerstner's, unfair settlement practices, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(1).

26. The unfair settlement practices of Defendants, Depositors and Gerstner, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitute an unfair methods of competition and an unfair and deceptive acts or practices in the business of insurance. TEX. INS. CODE. §541.060(a)(3).

27. Defendants, Depositors and Gerstner's, unfair settlement practices, as described above, of refusing to pay Plaintiff's full claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.0609(a)(7).

### Fraud against all Defendant Parties

28. Defendants Depositors and Gerstner are liable to Plaintiff for common law fraud.

29. Defendants made material misrepresentations to Plaintiff as to the extent of its damages, the need for repairs, the quality of their services, and the extent of the coverage provided by the Policy of those damages. Each and every one of the representations, as described above, concerned material facts relied upon by Plaintiff which Defendants, Depositors and Gerstner, knew were false or made recklessly without any knowledge of their truth as a positive assertion.

30. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements proximately causing Plaintiff to suffer injury and damages as described herein below.

### Conspiracy to Commit Fraud against all Defendant Parties

31. Defendants Depositors and Gerstner are liable to Plaintiff for conspiracy to commit fraud. Defendants Depositors and Gerstner were members of a combination of two or more persons whose object was to accomplish an unlawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants, Depositors and Gerstner, committed an unlawful, overt act to further the object of the conspiracy. Plaintiff suffered injury as a proximate result.

### CAUSES OF ACTION AGAINST DEPOSITORS ONLY

32. Defendant Depositors is liable to Plaintiff for breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of good faith and fair dealing.

### Breach of Contract

33. Defendant Depositors' conduct as described *supra* constitutes a breach of the insurance contract made between Depositors and Plaintiff.

34. Defendant Depositors' failure and refusal, as described above, to pay the full and adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Depositors' insurance contract with Plaintiff which proximately caused Plaintiff the loss of the policy benefits.

### Noncompliance with Texas Insurance Code: Unfair Settlement Practices

35. Defendant Depositors' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE. §541.060(A). All violations under this article are made actionable by TEX. INS. CODE. §541.151.

36. Defendant Depositors' unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(1).

37. Defendant Depositors' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Depositors' liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(2)(A).

38. Defendant Depositors' unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to facts or applicable law, for their offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(3).

39. Defendant Depositors' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(4).

40. Defendant Depositors' unfair settlement practice, as described above, of refusing to pay Plaintiff's full claim without conducting a reasonable investigation, constitutes an unfair method of competition and unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE. §541.060(a)(7).

**Noncompliance with Texas Insurance Code: The Prompt Payment of Claims**

41. Defendant United States Liability's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE. §542.060.

42. Defendant Depositors' failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, request from Plaintiff all items, statements, and forms that they reasonable believed would be required within the applicable time constraints, and pay the full amount of the claim, as described above, constitutes a non-prompt payment of claim and a violation of the TEX. INS. CODE §542.056(a).

**Breach of Duty of Good Faith and Fair Dealing**

43. Defendant Depositors' conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

44. Defendant Depositors' failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim when Depositors knew, or should have known, by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing which proximately caused Plaintiff's damages as described herein below.

**KNOWLEDGE**

45. The acts of Defendants are in violation of the Insurance Code described above were done "knowingly," as that item is used in the Texas Insurance Code, and were producing causes of Plaintiff's damages described herein.

**VI. DAMAGES**

46. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the proximate or producing causes of the damages sustained by Plaintiff.

47. As previously mentioned, the damages caused by the storms described above rendered Plaintiff's property substantially damaged. These damages have not been properly addressed or fully repaired in the months since the storm, causing further damages to the Property and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants', Depositors and Gerstner's, mishandling of Plaintiff's claim in violation of the laws set forth above.

48. For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of its claim, together with attorneys' fees.

49. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, damage to business reputation, business losses, court costs and attorneys' fees.

50. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of its claim, as well as eighteen (18) percent interest per annum of the amount of such claim as damages, together with attorneys' fees. TEX. INS. CODE. §542.060.

51. For breach of the Common Law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages.

52. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowing fraudulent and malicious representations, along with attorneys' fees, interest and court costs.

53. For the prosecution and collection of this claim, Plaintiff has been required to retain the services of the undersigned attorneys and is entitled to recover its reasonable and necessary attorneys' fees.

54. As a result of the knowing violations of the Texas Insurance Code, Plaintiff is entitled to recover treble damages pursuant to the provisions of the Texas Insurance Code.

55. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief between $200,000.00 (two-hundred thousand) and $1,000,000.00 (one-million). The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## VII. WRITTEN DISCOVERY

### Requests for Disclosure

56. Under Texas Rule of Civil Procedure 194, plaintiff requests that defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

**Plaintiff's 1st Requests for Production to Defendant Depositors and Adam Gerstner**

57. Please produce a copy of your entire claims file, including memos, emails, estimates, records, a complete copy of the policy, letters, evaluations, etc. If you make claim of privilege for any documents requested in this request for production, then pursuant to TRCP 193.3(b), consider this Plaintiff's request that you identify the information and material withheld and the specific privilege asserted by producing a privilege log of each document withheld.

58. Please produce all non-privileged emails and other forms of communication between Depositors, its agents, adjusters, employees, or representatives and the adjuster, and/or their

agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit.

59. Produce any complete file (excluding all privileged portions) in Depositors possession for the Plaintiff/insured and/or for the Plaintiff's property as listed in Plaintiff's Original Petition, relating to or arising out of any claim for damages which Depositors opened a claim under any policy. Please produce a privilege log for any portions withheld on a claim of privilege.

60. Produce Adam Gerstner's complete claim or adjusting file for Plaintiff's property. Please produce a privilege log for any portions withheld on a claim of privilege.

61. Produce all emails and other forms of communication between Depositors and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's property which is the subject of this suit. This includes any correspondence or communications related to the Plaintiff's property, whether related to this claim or any other claim in Adam Gerstner's possession. Please produce a privilege log for any items withheld on a claim of privilege.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recover such sums as would reasonably and justly compensate it in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on its behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

LAWRENCE LAW FIRM
3112 Windsor Rd., Suite A234
Austin, Texas 78703
(956) 994-0057
(800) 507-4152 FAX

By:

LARRY W. LAWRENCE, JR.
State Bar No. 00794145

MICHAEL LAWRENCE
State Bar. No. 24055826
Lawrencefirm@gmail.com

Cartwright Law Firm, LLP
1300 Post Oak Blvd, Suite 760
Houston, Texas 77056
(713) 840-0950
(713) 840-0046 (fax)
Mr. Dan Cartwright
State Bar No. 03942500

Ms. Lory Sopchak
State Bar No. 24076706
Lory@dcartwrightlaw.net

ATTORNEYS FOR PLAINTIFF

**DONNA KAY McKIN...**
BEXAR COUNTY DISTRIC...
PAUL ELIZONDO T...
101 W. NUEVA ST., S...TE 217
SAN ANTONIO, TX 78205-3411

*RETURN SERVICE REQUESTED*

7015 1660 0000 4382 6654

ADAM GERSTNER
C/O CORPORATION SERVICE COMPANY
211 E 7TH STREET 620
AUSTIN, TX  78701

2016CI19506  11/9/2016  CITCM  DEBRA CANTU